UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHELLE COLON<br><br>                                    Plaintiff<br><br>            - against -<br><br>390 OCEAN PARKWAY, LLC and<br>UNIVERSAL ENTERPRISE LLC,<br><br>                                    Defendants | 22cv6299<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

      Plaintiff ROCHELLE COLON, by her attorney, James E. Bahamonde, from the Law Offices of James E. Bahamonde, PC, and for her Complaint against Defendants respectfully alleges:

**STATEMENT OF CLAIMS**

    1.    Plaintiff Rochelle Colon seeks a temporary restraining order and preliminary injunction enjoining Defendants from removing from operation the sole elevator in their six-floor multifamily apartment building located at 390 Ocean Parkway, Brooklyn, N.Y..

    2.    Plaintiff is an individual with a mobility disability who cannot walk without the assistance of a mechanical walker. In addition, Ms. Colon cannot safely, or reasonably, ascend or descend stairs.

    3.    Upon receiving notice that Defendants would be removing from operation the sole elevator in her apartment building, Ms. Colon asked Defendants' property manager, David Rabinowitz, for a reasonable accommodation to temporarily relocate her to an accessible apartment in another building, or a suitable hotel. Mr. Rabinowitz denied the request.

    4.    Defendants have made a financial decision to ignore decades old, well-settled prevailing housing discrimination law, and failed to provide Ms. Colon with a reasonable

1

accommodation so that she may have equal housing opportunities.

5. Plaintiff seeks declaratory, injunctive and equitable relief, as well as damages, and attorney's fees and costs against Defendants for their violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, New York State Civil Rights Law, and New York City Human Rights Law § 8-107, *et seq.*

6. Plaintiff seeks equitable and injunctive relief for housing and disability discrimination against Defendants for their violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, New York State Civil Rights Law, and New York City Human Rights Law § 8- 107, *et seq.*

7. Plaintiff seeks punitive damages against each Defendant for their reckless and/or callous indifference to their rights under the Fair Housing Act, and New York State Human Rights Law, and New York City Human Rights Law.

## JURISDICTION AND VENUE

8. That at all times hereinafter mentioned, Plaintiff Rochelle Colon is now, and at all times mentioned in this complaint, a resident of Brooklyn, N.Y,

9. Venue is proper in this Court because the real property where the events occurred is located in Kings County.

10. Venue is proper in this court because Plaintiff and Defendant 390 Ocean Parkway, LLC, are residents of Kings County.

11. Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613.

12. The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Fair Housing Act.

13. The Court has supplemental jurisdiction over Plaintiff's State and City law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within the District.

## PARTIES

14. During all relevant times, Plaintiff Rochelle Colon has been a resident of Kings County, New York and is a citizen of the United States.

15. Defendant 390 OCEAN PARKWAY, LLC is a domestic limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as Kings County.

16. Defendant 390 OCEAN PARKWAY, LLC is the owner of the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, NY.

17. Defendant UNIVERSAL ENTERPRISE LLC is a domestic limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as Kings County.

18. During all relevant times, Defendant UNIVERSAL ENTERPRISE LLC is the management company of the multifamily building located at 390 Ocean Parkway, Brooklyn, NY.

19. During all relevant times, Defendant UNIVERSAL ENTERPRISE LLC is an agent of Defendant 390 Ocean Parkway, LLC.

20. Defendant Yisroel Rabinowitz is registered with NYC Department of Housing Preservation and Development as the managing agent of the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, NY.

## STATUTORY SCHEME

21. Under the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law, a housing provider is required to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.

22. To encourage owners of multifamily dwelling complexes to be active supervisors of their subordinates, the Fair Housing Act imposes vicarious liability upon principals or employers for the acts of their agents or employees. Consequently, a principal is legally responsible for the acts, conduct, and statements of their agent.

## FACTUAL BACKGROUND

23. Ms. Colon resides on the fifth floor of the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, N.Y.

24. During all relevant times, Plaintiff has been diagnosed with a severe case of polyarticular osteoarthritis, lumbar spinal stenosis, and myofascial pain syndrome.

25. As a result of the foregoing conditions, Ms. Colon cannot walk on her own and requires the use of a mechanical walker to ambulate.

26. Ms. Colon has significant weakness in her lower extremities and suffers severe pain when ambulating.

27. In addition, Ms. Colon is substantially limited in caring for herself, is unable to ascend or descend stairs, and cannot raise her legs without experiencing substantial pain. Further,

Ms. Colon has stiffness affecting her lower back, hips, knees, and feet, and is unable to sit, stand, or ambulate for prolonged periods of time because it exacerbates the pain she experiences.

28.  As a result of Ms. Colon's medical conditions, she is seen regularly by her rheumatologist and receives weekly physical therapy treatments.

29.  In or around September 2022, Defendants placed a notice on the walls of the common areas of Plaintiff's apartment building stating that the sole elevator will be removed from operation for approximately 10 weeks beginning on October 24, 2022. Upon reading this notice, Ms. Colon asked the property manager, David Rabinowitz, if Defendants could temporarily move her to either an accessible apartment, or a suitable hotel. Mr. Rabinowitz said, "no, we don't do that."

30.  On October 11, 2022, Ms. Colon made an additional, written request to Defendants for the aforementioned reasonable accommodation accompanied by a letter from her physician identifying Ms. Colon's physical disabilities and limitations. This request was sent by express mail to Defendant Universal Enterprise LLC.

31.  Defendants have failed to provide Ms. Colon with a reasonable accommodation to allow her to temporarily relocate to an accessible apartment while the elevator is removed from operation.

32.  The elevator is essential to Ms. Colon's health and safety. She must use the elevator as part of her normal daily activities, such as receiving regular medical treatment, grocery shopping, socializing with family and friends, and to continue her weekly physical therapy. As a result, Ms. Colon will suffer immediate harm and irreparable damage if she is not provided with the aforementioned reasonable accommodation.

33.  During all relevant times, Defendants did not have a written or established policy

5

or procedure for requesting reasonable accommodations.

34. During all relevant times, Plaintiff's mobility disability was obvious because she is substantially limited in walking and uses a mechanical walker for ambulation.

35. During all relevant times, Defendants were aware of Ms. Colon's mobility disability because they have interacted with her multiple times in person.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION
**(Violations of the Fair Housing Act, 42 USC 3604, *et seq*.)**

36. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

37. During all relevant times, Plaintiff has had a handicap as defined in 42 U.S.C. § 3602(h).

38. Plaintiff is an "aggrieved person" as defined in 42 U.S.C. §§ 3602(i) and 3613(a)(1)(A).

39. Defendant 390 Ocean Parkway, LLC, owns and operates the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, N.Y. The apartment building contains four or more units. As such, it is a covered multifamily dwelling as defined in U.S.C. § § 3604(f)(7).

40. Defendants have discriminated against Plaintiff in the rental of a dwelling to Plaintiff because of disability in violation of 42 U.S.C. § 3604(f)(1).

41. Defendants have discriminated against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling Defendants have because of disability in violation of 42 U.S.C. § 3604(f)(2).

42. Defendants have discriminated against Plaintiff by refusing to make reasonable

accommodations in the rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

43. Defendants have failed to provide Plaintiff, an individual with a physical mobility disability, with a reasonable accommodation to relocate to an apartment or hotel that is readily accessible to her while Defendants remove from operation the sole elevator of their multifamily apartment building in violation of 42 U.S.C. § 3604(f)(3)(B).

44. The reasonable accommodation requested by Plaintiff is reasonable and necessary to afford Ms. Colon equal opportunity to use and enjoy a dwelling.

45. Defendants have pursued their discriminatory practices for the purpose, and/or with the effect, of excluding individuals with disabilities from residing at Defendant's multifamily apartment building.

46. The accommodations requested by Plaintiff does not fundamentally alter the nature of the program, activity, or service, or cause an undue financial or administrative burden.

47. Plaintiff and her disability do not constitute a direct threat to the health or safety of other individuals or result in substantial physical damage.

48. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

49. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has been injured and has suffered lost housing opportunity.

50. Defendants discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under 42 U.S.C. § 3613(c).

### SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

51. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

52. Plaintiff and Defendants are "persons" as defined in New York State Executive Law § 292(1).

53. Plaintiff Rochelle Colon has a "disability" as defined by New York State Executive Law § 292(21).

54. Plaintiff's apartment located at 390 Ocean Parkway, Brooklyn, N.Y., is a "housing accommodation" as defined in New York State Executive Law § 292(10).

55. Defendant's multifamily dwelling located at 390 Ocean Parkway, Brooklyn, N.Y., contains three or more separate housing accommodations.

56. Defendant's multifamily dwelling located at 390 Ocean Parkway, Brooklyn, N.Y., is a "multifamily dwelling" as defined in New York State Executive Law § 292(12).

57. Plaintiff has a disability as defined in New York State Executive Law § 292(21).

58. Defendants have discriminated against Plaintiff, on the basis of disability, in the terms, conditions or privileges of rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith in violation of New York State Executive Law §§ 296(5)(a)(2) and 296(5)(b)(2).

59. Defendants have aided, abetted, incited, compelled, or coerced the doing of any of the acts forbidden under New York State Human Rights Law, or attempted to do so in violation of New York State Executive Law § 296(6).

60. Defendants have refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, including reasonable modifications to common use portions of a dwelling in violation of New York State Executive Law § 296(18)(2).

61. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

62. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has been injured and has suffered lost housing opportunity.

63. Defendants' discriminatory actions in violation of New York State Executive Law were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under New York Executive Law § 297(10).

### THIRD CAUSE OF ACTION
### (Violations of New York City Human Rights Law)

64. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

65. During all relevant times, Plaintiff has had a disability as defined by New York City Human Rights Law, NYC Administrative Code § 8-102(16).

66. Plaintiff is a person as defined by New York City Human Rights Law **§** 8-102(1)**.**

67. The apartment building where Plaintiff resides, is a "housing accommodation" as defined by New York City Human Rights Law § 8-102(10).

68. Plaintiff has made a "reasonable accommodation" as defined in New York City Human Rights Law, NYC Administrative Code§ 8-102(18).

69. Defendants discriminated against Plaintiff for failing to make reasonable accommodation to enable Plaintiff, a person with a disability, to have equal opportunity to use and enjoy a dwelling in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(15).

70. The reasonable accommodation requested by Plaintiff does not impose an undue hardship.

71. With the reasonable accommodation, Plaintiff can enjoy the right or rights in question.

72. Defendants have discriminated against Plaintiff for refusing or otherwise failing to engage in the cooperative dialogue within a reasonable time with Plaintiff who has requested an accommodation in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(28)(c).

73. Defendants have failed to engage Plaintiff in a cooperative dialogue to discuss the reasonable accommodation requested within a reasonable time.

74. Defendants failed to provide Plaintiff with a written determination identifying any accommodation granted or denied.

75. Defendants have discriminated against Plaintiff because of actual or perceived disability in the terms, conditions, or privileges of the lease of her housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith, in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(5)(a)(1) (b).

76. Defendants have aided, abetted, incited, compelled and coerced the doing of acts forbidden under the Omission Code, or attempted to do so in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(6).

77. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

78. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law Plaintiff has been injured and has suffered lost housing opportunity.

79. Defendants discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, under New York City Human Rights Law § 700.29(A)(4), Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

11

A. Plaintiff seeks declaratory judgment, declaring that the conduct of Defendants constitutes violations of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law.

B. Issue a temporary restraining order enjoining Defendants from: (1) removing from operation the sole elevator in the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, N.Y.;

C. Issue a preliminary injunction requiring Defendants to: (1) provide Plaintiff Rochelle Colon a reasonable accommodation of temporarily moving her to an accessible apartment in another building or suitable hotel while the elevator is out of service; (2) install grab bars in the bathroom of the accessible apartment, if such an accommodation is available; and (3) pay for the moving expense to move Ms. Colon's personal items to and from the accessible apartment or hotel.

D. Plaintiff seeks an injunction permanently enjoining Defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability against any persons in violation of the Fair Housing Act of 1968, as amended, New York State Human Rights Law, and New York City Human Rights Law, including an injunction prohibiting the following:

    (1) Disability discrimination in violation of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law;

    (2) Housing discrimination based on disability;

    (3) Aiding, abetting, coercing, intimidating and discriminating based on disability;

    (4) Refusing to make reasonable accommodations; and

    (5) Refusing to engage in an interactive process within a reasonable time;

 E. Permanent injunction requiring Defendants to

  (1) Make all necessary modifications to their policies, practices, and procedures to comply with fair housing laws;

  (2) Train all management, agents, and employees on fair housing laws;

 F. Have the court retain jurisdiction over the Defendants until the Court is satisfied that their unlawful practices, acts and omissions no longer exist and will not reoccur.

 G. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful discrimination in violation of the Fair Housing Act;

 H. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful practices in violation of New York State Executive Law;

 I. Award such damages to Plaintiff to compensate for injuries caused by Defendants' unlawful practices in violation of New York City Human Rights Law,

 J. Award punitive damages to Plaintiff for Defendants' violation of the Fair Housing Act, New York State Executive Law, and New York City Human Rights Law;

 K. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

 L. Grant Plaintiff such other further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated: October 18, 2022

**LAW OFFICES OF JAMES E. BAHAMONDE, P.C.**

By: _____/s/ J-B_____
James E. Bahamonde
2501 Jody Court
North Bellmore, NY 11710-1940
Tel. (646) 290-8258
james@civilrightsny.com

*Attorneys for Plaintiff*