**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROCHELLE COLON, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　　　　　　　　　　Plaintiff<br><br>　- against -<br><br>390 OCEAN PARKWAY, LLC and UNIVERSAL ENTERPRISE LLC<br><br>　　　　　　　　　　　　　　Defendants | 22cv6299 (NGG)(RML)<br><br>**SETTLEMENT AGREEMENT** |

　　　This Settlement Agreement is entered into by and between Plaintiff ROCHELLE COLON (together referred to as "PLAINTIFF "), and Defendants 390 OCEAN PARKWAY, LLC and UNIVERSAL ENTERPRISE LLC (together referred to as "DEFENDANTS" or Plaintiff and Defendants both collectively referred to as the "PARTIES");

　　　**WHEREAS**, Plaintiff filed this action against Defendants on October 18, 2022 alleging housing discrimination in violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, New York Executive Law § 296 *et seq.* pursuant to which Plaintiff sought declaratory and injunctive relief, damages, attorneys' fees, and costs;

　　　**WHEREAS**, none of the Parties is an infant or incompetent person;

　　　**WHEREAS,** Defendants deny the allegations of wrongdoing and liability against them in the Complaint, and by entering into this Agreement do not intend to admit, and do not admit, the same;

　　　**WHEREAS,** Plaintiff and Defendants have agreed to a settlement of this action to avoid further expense, time, effort and uncertainty in regard to this action;

　　　**WHEREAS,** Defendants maintain they have complied and will continue to comply with the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the New York State Human Rights Law, New York Executive Law § 296 *et seq.*; and the New York City Human Rights Law, New York Administrative Code § 8-107 *et seq.*;

　　　**WHEREAS**, Plaintiff and Defendants desire to voluntarily resolve the claims, cross-claims and counterclaims asserted in this lawsuit, and agree that the terms of this Agreement, as a compromise to avoid protracted expenses and litigation, reflect a full and fair resolution of the disputes between parties; and

　　　**WHEREAS**, Plaintiff and Defendants respectfully request that the Court approve and enter the Stipulation of Settlement, and retain jurisdiction to enforce the terms of their settlement;

1

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the parties that all claims will be compromised, settled, released, and dismissed upon and subject to the terms of this Agreement, as follows:

## SECTION I
## DEFINITIONS

1. As used in this Agreement, the following terms will have the following meaning:

    a. "Plaintiff" means ROCHELLE COLON.

    b. "Defendants" means 390 OCEAN PARKWAY, LLC and UNIVERSAL ENTERPRISE LLC.

    c. "Action" means *Colon v. 390 Ocean Parkway LLC, et al* 22cv6299 (NGG)(RML), pending in the United States District Court for the Eastern District of New York.

    d. "Complaint" means the Complaint that Plaintiff filed in this Action on October 18, 2022.

    e. "Multifamily Apartment Building" means and refers to the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, NY.

    f. "Effective Date" means the date this Agreement is signed by all Parties.

## SECTION II
## TERM AND SCOPE OF AGREEMENT

2. All obligations under this Agreement, unless otherwise specified, will commence from the date this Agreement is so-ordered by the Court ("Effective Date"), and shall remain in effect for a period of four (4) years from the Effective Date.

3. This Agreement will be binding on Defendants and all their employees, agents, representatives, officers, heirs, assigns, subsidiaries, or successors in interest, unless otherwise specified.

4. Unless otherwise specified, the terms of this Agreement will apply to the policies for the executives, managers, and attorneys at 390 Ocean Parkway, LLC and Universal Enterprise LLC.

5. The United States District Court for the Eastern District of New York will retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by Plaintiff.

## SECTION III
## GENERAL AGREEMENT

6. The Parties acknowledge that each party has reviewed and revised this Settlement Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

7. This Settlement Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Settlement Agreement must be in writing and executed by the Parties hereto.

8. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns. The Parties shall perform their obligations under the Settlement Agreement in good faith.

9. The Parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Agreement, that they have read and understand the terms and conditions herein, and that they have been advised to obtain counsel and have been provided with the opportunity to consult with their respective counsel prior to their execution of the Agreement.

10. The Parties agree that this Settlement Agreement is being consummated in New York and that performance by Defendants will be in Kings County, New York. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

11. Defendants stipulates and represents that they are the owner and/or operator of the multifamily apartment building located at 390 Ocean Parkway, Brooklyn, NY and that the Defendants have the power and authority to execute and deliver this Settlement Agreement and to perform its obligations hereunder. Plaintiff represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of or encumbered any of the claims, demands, obligations or causes of action referred to in this Agreement.

## SECTION IV
## POLICY AND PROCEDURE

12. Defendants their officers, employees, successors, and assigns agree not to discriminate on the basis of disability or retaliate against Plaintiff in violation of Fair Housing Act, 42 U.S.C. § 3604 *et seq*, New York State Human Rights Laws § 296, and New York City Human Rights Laws, New York City Administrative Code § 8-107 *et seq..*

13. Defendants agree to adopt policies and procedures to handle tenant's request for reasonable accommodations and modifications.

14. Defendants agree to adopt and implement plan to engage in an interactive process, and make reasonable accommodations and modifications to their policies, practices, and procedures when necessary to make Defendants multifamily apartment building fully available to individuals with disabilities.

## SECTION V
## REASONABLE ACCOMMODATION

15. Defendants agree to provide the following reasonable accommodation while the elevator is out of service to be modernized.

    a. Defendants agree to assist Ms. Colon carry groceries and mail to her apartment.

    b. With notice, Defendants will allow Ms. Colon to use the elevator. Defendants agree to accept notice by email or text.

        Contact info for coordinating elevator usage:
        Universal Enterprise LLC
        5809-16th Ave Brooklyn NY 11204
        Tell 718-972-2828 Fax 718-972-5663
        **Email** Info@ContactUniversal.com

        **Text:** Plaintiff should contact Metin (the Super) at 917-656-2552
        Secondary contact: (Supers wife) Seva 917-715-7093
        Also text 917-417-8320 or Sentry Elevator Co 718-704-1644

    c. Defendants to allow Ms. Colon to secure her Rollator in the back of the lobby.

    d. Defendants will provide Plaintiff with two weeks of notice prior to the elevator being completely unavailable.

## SECTION VI
## MONETARY RELIEF

16. **Damages**. The Defendants agree to pay the total sum of TEN THOUSAND DOLLARS ($10,000) as settlement of the Plaintiff's claim for compensatory and statutory damages ("Payment for Damages"). The Payment for Damages shall be made by delivering via priority mail, overnight mail or FEDEX mail to Plaintiff's attorneys, the Law Offices of James E. Bahamonde, P.C., Attn: James E. Bahamonde, Esq., 2501 Jody Court, North Bellmore, New York 11710, one (1) check made payable to "Rochelle Colon" in the amount of TEN THOUSAND DOLLARS ($10,000) on the date this agreement is executed by Defendants.

17. **Attorney's Fees and Costs**. Defendants agree to pay Plaintiff's attorneys the total sum of TWENTY THOUSAND DOLLARS ($20,000) (the "Attorney's Fees Payment") at the

time this agreement is executed. This amount represents the attorney's fees and costs related to this action. The Attorneys Fees Payment shall be made by delivering via priority mail, overnight mail or FEDEX mail to Plaintiff's attorneys, the Law Offices of James E. Bahamonde, P.C., Attn: James E. Bahamonde, Esq., 2501 Jody Court, North Bellmore, New York 11710, one (1) check made payable to James E. Bahamonde, PC in the amount of TWENTY THOUSAND DOLLARS ($20,000).

18. If any portion of the monetary payment is not received within seven (7) days of the date this agreement is entered by the Court, an interest at the rate of 15.9 % per annum compounded monthly, will be charged on all fees, cost or expenses.

19. If any of the aforementioned payments are not paid timely, and in the amount agreed upon herein, then plaintiff can use all legal avenues to enforce this agreement, with all attorney's fees, costs, collection fees and expenses incurred by the plaintiff and/or plaintiff's counsel to be fully reimbursed by the defendants jointly and severally. In addition, plaintiff's counsel shall be entitled to an automatic judgment against defendants for the total outstanding amount together with all attorney's fees, collection costs, and other expenses incurred in enforcing this agreement

20. Concurrently with the execution of this Agreement, Defendants will deliver to Plaintiff a signed Stipulation and Order of Dismissal. The parties agree to stipulate that dismissal will be with prejudice and each party to bear its own costs. The parties also agree to stipulate that the order will vest the Court with jurisdiction for the sole purpose of enforcing the terms of the Agreement. Counsel for Plaintiff will file the executed Stipulation and Order of Dismissal, with the Court to dismiss the case within ten (10) business days after the Defendants have made the payment described in the preceding Paragraph.

## SECTION VII
## MANDATORY TRAINING

21. The Defendants will provide fair housing training to each principal and employee who has responsibilities related to interactions with tenants and rental of apartments at the Multifamily Apartment Building.

22. The training will cover the following topics: (i) the Defendants' duty to comply with federal, state, and local fair housing laws; (ii) the Defendants' duty to grant requests for reasonable accommodations or modifications; and (iii) the terms of this Agreement.

23. The Defendants will maintain records related to training and attendance for four years.

## SECTION VIII
## RELEASES

24. In exchange for Defendants' agreement to the terms set forth in this Agreement and payment of the monetary relief described in Section VI, Plaintiff fully and forever release, acquit, and forever discharge with prejudice, subject to the terms of this Agreement, Defendants

5

and all their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers of Defendants from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs (hereinafter, the Plaintiff's Released Claims"), provided however, that the Plaintiff's Released Claims will not include any claims to enforce any provision of this Agreement. The release to each Defendant is an individual release. No breach of this Agreement by a particular Defendant will have any impact on the release or obligations of any of the other Defendants.

25.     Each Defendant fully and forever releases, acquits, and forever discharges with prejudice, subject to the terms of this Agreement, Plaintiff and each other Defendant and their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Amended Complaint and Answers in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs.

## SECTION IX
## CONSTRUCTION AND SEVERABILITY

26.     This Agreement will be deemed to have been jointly drafted, and no provision herein will be interpreted or construed for or against any party because such party drafted or requested such provision or this Agreement as a whole.

27.     If any provision in this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement will endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision will materially affect the intent of the Agreement. The parties to this Agreement will consult and use their best efforts to agree upon a valid and enforceable provision that will be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

28.     This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant proceeding will be deemed to exist, to bind the parties hereto, or to vary the terms and conditions contained herein.

29.     The parties to this Agreement expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys, and that they have executed this Agreement voluntarily, without duress, coercion, or undue influence.

## SECTION X
## PRRFORMANCI:

30. In the event of any litigation, including any appeals, arising from or relating to the enfi:wcement scope, perfonmmce or non-perfrmnnnce of or under this Agreement; the nonbreaching party will be entitled to recover all reasonable attorney's foes and costs incurred in connection therewith, including any appeal.

## SECTION XI
## EXECUTION IN COUNTERPARTS

31. This Agreement can be executed in counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had signed the same signature page. A facsimile copy of any paiiis signature shall be deemed as legally binding as the original signatur s.

**ROCHELLI COLON**

Date: August..cl1., 2023

Name: David Rabinowitz

Title: Manager

**390 OCEAN PARKWAY, LLC**

Date: August 29, 2023

Name: David Rabinowitz

Title: CEO

**UNIVERSAL EN'I'ERPRISE LLC**

Date: August, 2.9, 2023

7

## SECTION X
## PERFORMANCE

30. In the event of any litigation, including any appeals, arising from or relating to the enforcement, scope, performance or non-performance of or under this Agreement, the nonbreaching party will be entitled to recover all reasonable attorney's fees and costs incurred in connection therewith, including any appeal.

## SECTION XI
## EXECUTION IN COUNTERPARTS

31. This Agreement can be executed in counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

---

**ROCHELLE COLON**

Date: August____, 2023

---

Name:

Title:

**390 OCEAN PARKWAY, LLC**

Date: August____, 2023

---

Name:

Title:

**UNIVERSAL ENTERPRISE LLC**

Date: August____, 2023

7

LAW OFFICES OF JAMES E. BAHAMONDE, PC
*Attorney for Plaintiff*

*James E. Bahamonde*

JAMES E. BAHAMONDE, ESQ.
2501 Jody Court
North Bellmore, NY 11710
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com

Date: August____, 2023

GFELLER LAURIE LLP
*Attorney for Defendants*

Adam D. Dolan
977 Farmington Avenue, Suite 200
West Hartford, CT 06107
Tel: 914-798-5451
E-mail: adolan@gllawgroup.com

Dated: August 29, 2023

GFELLER LAURIE LLP
*Attorney for Defendants*

Chimdi Tuffs, Esq.
1650 Market St.
Suite 3600
Philadelphia, PA 19103
Tel: 860-760-8400
E-mail: ctuffs@gllawgroup.com

Dated: August 29, 2023

It is so ORDERED this 13th day of March, 2024, ~~2023.~~

s/Nicholas G. Garaufis    USDJ

~~HON. ROBERT M. LEVY~~
~~UNITED STATES DISTRICT COURT JUDGE~~

8